IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> JOHN WILLIAM MUNSON, <br> a/k/a/ James William Munson, <br><br> Defendant/Petitioner. | Cause No. CV 14-69-GF-BMM <br><br><br> ORDER DISMISSING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 16, 2014, Defendant/Movant John William Munson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Munson is proceeding pro se.

Munson was charged in the Northern District of Florida in 1987 with willfully damaging an aircraft and being a felon in possession of a firearm. Munson was found not guilty only by reason of insanity and was committed to the custody of the Attorney General of the United States. *See* 18 U.S.C. § 4243(a), (e); Docket (Doc. 60), *United States v. Munson*, No. CR 87-5023-RV (N.D. Fla. June 20, 2011). He was discharged from further supervision on October 21, 2010. Order (Doc. 191), *Munson*, No. CR 87-5023 (N.D. Fla. Oct. 21, 2010).

Because Munson is not in custody or under supervision, the remedy made available by 28 U.S.C. § 2255 is not available to him. 28 U.S.C. § 2255(a).

1

While a common-law writ might lie against a fully discharged criminal judgment, it could do so only "where no other relief is available and sound reasons exist for failure to seek appropriate earlier relief." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). Here, Munson did not fail to seek appropriate earlier relief. He filed a motion to vacate the judgment of not guilty by reason of insanity in the trial court. *See* Mot. § 2255 (Doc. 61), *Munson*, No. CR 87-5023-RV (N.D. Fla. June 19, 1995). The motion was denied in the District Court. Order (Doc. 88), *Munson*, No. CR 87-5023-RV (N.D. Fla. Apr. 6, 1998). Munson's appeal was dismissed for failure to prosecute. Order (Doc. 115), *Munson v. United States*, No. 98-2728-II (11th Cir. Nov. 22, 1999). In addition, Munson asserts he was innocent, Mot. § 2255 at 4-5 ¶¶ 5A-C, but he does so by arguing that the facts found at trial were incorrect. Even if a common-law writ were cognizable, it would not give Munson an opportunity to retry the case.

Further, this Court has nothing to do with Munson's conviction or subsequent confinement in Florida. If Munson wants to challenge those matters, he must do so in Florida. If he cannot do it there, he cannot do it here.

Finally, Munson requests a return of money. *See* Mot. § 2255 (Doc. 1) at 6. It appears his allegations were addressed by Judge Vinson in the Northern District of Florida. *See* Resp. to Order (Doc. 198) at 4, *Munson*, No. CR 87-5023-RV (N.D. Fla. Sept. 29, 2011). At any rate, this Court has no personal jurisdiction over

2

persons with whom Munson was involved in Florida. *Cf. Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115, 1126 (2014).

The § 2255 motion will be dismissed for lack of jurisdiction. Munson is not entitled to an opportunity to amend his pleading because nothing alleged in it could support a cognizable cause of action in this Court. A certificate of appealability is denied because disposition of the motion is clearly controlled by 28 U.S.C. § 2255(a), *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), and because Munson makes no showing that he has been deprived of a constitutional right, 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Munson's § 2255 motion (Doc. 1) is DISMISSED.

2. The Clerk of Court shall enter, by separate document, a judgment of dismissal;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Munson files a Notice of Appeal.

DATED this 26th day of September, 2014.

       /s/ Brian M. Morris
       Brian M. Morris
       United States District Court